Connolly, Thomas E., J.
This civil, personal injury, wrongful death case rises out of the suicide death of Julie Carpenter, age 20, while a student living at Random Hall dormitory, at Massachusetts Institute of Technology (MIT). There has been extensive discovery in this case.
In Middlesex Superior Court, there was pending another case, involving the suicide of another MIT student Elizabeth H. Shin, captioned Cho Hyun Shin, Individually and Administrator of the Estate of Elizabeth H. Shin et al. vs. Massachusetts Inst. of Tech. et al., Civil No. 2002-0403 (Middlesex Super.Ct. June 27, 2005) (McEvoy, J.), Shin v. Massachusetts Inst. of Tech., 19 Mass. L. Rptr. 570, 2005 WL 1869101 (2005). In said case, Judge Christine McEvoy issued a major decision on the defendant’s motion for summary judgment. Id.
Some of the defendants, disagreeing in part with the decision, filed a petition in the Single Justice Session of the Appeals Court under G.L.c. 231, §118, first paragraph, seeking to reverse Judge McEvoy’s decision, or asking the single justice to report the issue(s) to the full Appeals Court. On March 9, 2006, Appeals Court Judge David A. Mills dismissed the petition as untimely. MIT then filed nearly the same petition before the single justice of the Supreme Judicial Court under G.L.c. 211, §3. The single justice, Judge Spina, denied that petition on March 24, 2006.
One of the three amicus briefs which was sought to be filed was on behalf of, inter alia, Amherst College, Boston College, Boston University, Brandéis University, The College of the Holy Cross, Emerson College, Lesley Universily, Northeastern University, Simmons College, Smith College, Stonehill College, Tufts University, Wellesley College and Williams College (hereinafter the “Shin v. MIT Amici’). In their amicus brief, there was the following:
[flrom time to time, Amicis non-clinical administrators become aware of suicide threats. Although administrators treat seriously all such threats, the appropriate and customary response is to refer the student to a psychiatrist or other trained medical professional for evaluation and development of a treatment plan. Amicis non-clinical administrators earnestly and diligently make such referrals.
Basically, each of the Shin vs. MIT Amici have committed themselves as to what is, in their words, “the appropriate and customary response [which] is to refer the student to a psychiatrist or other trained medical professional.” In part, the issue in this case, is whether Dean Randolph appropriately responded to a two-page e-mail from a Connecticut physician, Lynn Josephson, M.D., that started out stating “please help me prevent another MIT student suicide." Allegedly, Dean Randolph never showed or gave that e-mail to anyone at MIT, until after Carpenter was found dead by suicide in her dormitory room.
The plaintiff in this case wishes to take a Mass.R.Civ.P. 26 (b)(4) deposition of the Shin v. MIT Amici who had their university policies stated in the Amici brief which had been sought to be filed in the appeals court, single justice session.
Plaintiffs counsel now wish to take the depositions of each of the above-listed universities (Shin v. MIT Amicij as to what were and are the institutions’ and the deponents’ own practices in like circumstances. Such testimony of what other people or institutions do in similar situations in many cases is admissible. In Mullins v. Pine Manor College, 389 Mass. 47, 51 (1983), the defendant hired an expert who testified that he had visited eighteen area colleges and that all took steps to provide an adequate level of security on their campus. This Court is not now ruling on the admissibiliiy of said similar testimony in this case, but the test under Mass.R.Civ.P. 26 (b)(1) is whether the information sought is likely to lead to the discovery of admissible evidence. The depositions and their subject matter certainly pass the Mass.R.Civ.P. 26 (b)(1) test.
Finally, one of the defendants objects that a few of the universities in Western Massachusetts are beyond the 50-mile limitation, and allowing the depositions would require a non-party deponent to travel beyond the limitation. Counsel for the plaintiff indicated that he would take those depositions in Western Massachusetts, either in a conference room at a nearby Superior Court or at a local lawyer’s office. In light of that resolution, the Court does not believe that it need deal any further with that issue.

*50
ORDER

After hearing and review of all documents submitted, the defendants’, Massachusetts Institute of Technology, Charles Ves, Robert M. Randolph, Larry G. Benedict, Carole C. Orme-Johnson and Nina J. DavisMillis’s, motion for a protective order is DENIED, and the motion of the non-parties, Shin v. MIT Amici, for a protective order is DENIED.